NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE VIZCARRONDO-CASANOVA,

            Plaintiff,

            v.

RICHARD DIMONTE,

            Defendant.

Civil Action No. 25-17135 (ZNQ) (JTQ)

**OPINION**

**QURAISHI, District Judge**

This matter comes before the Court on Plaintiff Jose Vizcarrondo-Casanova's complaint in this prisoner civil rights matter.  (ECF No. 1.)  As Plaintiff has now paid the applicable filing fees (ECF Docket Sheet) and is a prisoner suing an individual he alleges to be an employee of a governmental entity, this Court is required by 28 U.S.C. § 1915A to screen Plaintiff's complaint and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant.  For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

I.      **BACKGROUND**

Plaintiff is a federal prisoner currently housed in FCI Fairton.  (ECF No. 1 at 5.)  In his complaint, Plaintiff alleges that he injured his right elbow on February 24, 2023.  (*Id.* at 7.)  An X-Ray was taken of his injury that same day.  (*Id.*)  On March 7, 2023, Plaintiff was seen by Defendant Dr. Richard Dimonte ("Dr. Dimonte") who Plaintiff alleges misdiagnosed his injury as

not needing further treatment. (*Id.*) Three months later, however, he was seen by a nurse who informed Plaintiff that medical staff now suspected that Plaintiff had a distal biceps tendon rupture. (*Id.*)

Plaintiff was referred to an orthopedist who ordered an MRI of Plaintiff's arm. (*Id.*) In December 2023, Plaintiff was informed that the doctors had determined that he had a complete chronic tear of his right biceps tendon. (*Id.*) In February 2024, Plaintiff was again seen by the orthopedist who confirmed this diagnosis, and told Plaintiff that although surgery could be performed to attempt to repair the issue, given the delay in treatment, he was unlikely to get back his full strength or range of motion, but that he was free to seek a second opinion. (*Id.* at 8.) Plaintiff thereafter spent several months seeking a second opinion, but the prison did not provide him with one prior to the summer of 2024. (*Id.*) It is unclear from the record if Plaintiff ever received a second opinion or surgery upon his arm, nor whether Plaintiff intended to go through with the surgery recommended by the orthopedist. (*Id.*)

Based on these facts, Plaintiff alleges that he received inadequate medical care in violation of the Eighth Amendment from Dr. Dimonte. (*Id.* at 9-10.) Plaintiff names no other defendants, and Plaintiff's claim against Dr. Dimonte appears to entirely arise out of Dr. Dimonte's misdiagnosis of his injury at a single medical appointment in March 2023. (*Id.* at 7.) Plaintiff does not allege any further involvement in his course of treatment from Dr. Dimonte. (*Id.* at 7-8.)

## II.     **LEGAL STANDARD**

Because Plaintiff is a prisoner who seeks redress from an individual he alleges is an employee of a governmental entity, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.    **<u>DISCUSSION</u>**

In his complaint, Plaintiff asserts that Dr. Dimonte violated his Eighth Amendment rights by providing inadequate medical care.  In order to state a federal civil rights claim[1] for relief for inadequate medical care a plaintiff must plead facts indicating that the defendant was deliberately indifferent to his medical needs.  *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003).  Deliberate indifference is a "subjective standard of liability consistent with recklessness" which will be found only where the defendant "knows of and disregards an excessive risk to inmate health or safety."  *Id.* at 582 (internal quotations omitted).  Deliberate indifference therefore requires more than mere negligence.  S*ee King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008).  Where a prisoner has received at least some treatment, he may generally not show deliberate indifference by asserting only his disagreement or dissatisfaction with the treatment he received.  *See Hairston v. Director Bureau of Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

---

[1] Because Plaintiff alleges Defendant is an employee of a federal agency, his claim would arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as extended by *Carlson v. Green,* 446 U.S. 14 (1980).  *See Muniz v. United States*, 149 F.4th 256, 262 (3d Cir. 2025).  In *Muniz*, the Third Circuit held that the existence of the BOP's administrative remedy system rendered an Eighth Amendment claim sufficiently different from the situation discussed in *Carlson* that it presented a new context into which a *Bivens* remedy could not be extended in light of the Supreme Court's decisions in *Ziglar v. Abbasi*, 582 U.S. 120 (2017), and *Egbert v. Boule*, 596 U.S. 482 (2022).  149 F.4th at 262-65.  As Plaintiff admits he had access to the BOP's remedy system, it is thus doubtful that this Court can extend *Bivens* to provide a claim to Plaintiff in this matter.  Thus, even if Plaintiff had pled a plausible claim for relief, that an alternative remedy system exists which did not exist at the time *Carlson* was decided likely would foreclose Plaintiff's claim in this case.  Because Plaintiff has not been provided an opportunity to address the issue, however, the Court does not decide that issue at this time.

In his complaint, Plaintiff raises his deliberate indifference claim against only one Defendant – Dr. Dimonte.  As to Dr. Dimonte, Plaintiff alleges facts indicating that he saw the doctor only once, in March 2023, at which time the doctor misdiagnosed Plaintiff's soft tissue injury based on an X-Ray, opining that further medical intervention was not necessary at that time. Plaintiff alleges no further treatment or visits with Dr. Dimonte, nor any further involvement in Plaintiff's care by Dr. Dimonte in his complaint.  Plaintiff has thus alleged no more than a mere claim of medical negligence, which is insufficient to support an Eighth Amendment claim.  *See King*, 302 F. App'x at 96.  Plaintiff's Eighth Amendment claim against Dr. Dimonte must therefore be dismissed without prejudice at this time for failure to state a claim for which relief may be granted.

Finally, the Court notes that Plaintiff's claim against Dr. Dimonte arises out of events in March 2023.  Plaintiff was apparently aware of the misdiagnosis by June of 2023, when a nurse informed him that the diagnosis had changed to a bicep tendon rupture.  (*See* ECF No. 1 at 7.) Federal civil rights claims raised in this Court are subject to New Jersey's two year statute of limitations for personal injury actions.  *Fisher v. Hollingsworth*, 115 F.4th 197, 209-10 (3d Cir. 2024).  A prisoner's cause of action accrues, and his limitations period begins to run when the plaintiff knew or should have known of his injury.  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

Here, Plaintiff knew of the misdiagnosis by the time he was informed of it in June 2023. He did not file his complaint in this matter until October 2, 2025, more than two years later.  (ECF No. 1 at 1.)  Absent a basis for equitable tolling, then, Plaintiff's claim appears to be time barred. As this Court perceives no obvious basis for tolling from the face of Plaintiff's complaint, Plaintiff's complaint is subject to dismissal without prejudice at this time as time barred.

**IV.    CONCLUSION**

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is dismissed without prejudice for failure to state a claim for which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

Date: February 18, 2026

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
